OTTO O. LEE, CA Bar No. 173987
olee@iplg.com
KEVIN VIAU, CA Bar No. 275556
kviau@iplg.com
BONNIE J. WOLF, CA Bar No. 284872
bonniewolf@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, CA 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

*Attorneys for Defendant Bulbrite Industries, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC | Case No.: 15-cv-05478 |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| BULBRITE INDUSTRIES, INC., | Date: April 20, 2016 |
| Defendant. | Time: 9:00 am |
| | Dept: Courtroom 3, 3rd Floor |
| | Hon. Phyllis J. Hamilton |

PLEASE TAKE NOTICE that on Wednesday, April 20, 2016, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Chief District Judge Phyllis J. Hamilton of the United States District Court, 1301 Clay Street, Oakland, California 94612, in Courtroom 3, 3rd Floor, Defendant Bulbrite Industries, Inc. ("Defendant") will and does hereby move this Court for an order dismissing the Complaint of Plaintiff Bluestone Innovation LLC ("Plaintiff") and all claims and requests for relief asserted therein, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

This motion is based on the grounds that the Complaint fails to allege specific facts sufficient to state a cognizable claim for relief, and consists largely of bald conclusory allegations alone.

**RELIEF REQUESTED**

Defendant requests that the Court dismiss this action, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Alternatively, Defendant requests that the Court order Plaintiff to amend its complaint, under Rule 12(e), to include a more definite statement of its allegations.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the [Proposed] Order filed herewith, and any additional material that may be introduced at the hearing of this Motion.

Respectfully submitted,

Dated: March 16, 2016

By: */s/ Otto Lee*
Otto O. Lee, Esq.
Kevin Viau, Esq.
Bonnie J. Wolf, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

*Attorneys for Defendant Bulbrite Industries, Inc.*

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

Defendant Bulbrite Industries, Inc. ("Defendant" or "Bulbrite") respectfully moves to dismiss the Complaint (Dkt. 1) of Plaintiff Bluestone Innovation LLC ("Plaintiff") and all claims and requests for relief therein, chiefly its bald conclusory claim that Defendant has engaged in "directly infringing, literally infringing, and/or infringing [Plaintiff's patent] under the doctrine of equivalents."

Plaintiff is a Virginia limited liability company that appears to be a non-practicing, patent-monetization entity and, only through such monetizing machinations, the assignee of United States Patent No. 6,163,557 (the "'557 Patent".) Bulbrite, on the other hand, is an industry-leading manufacturer and distributor of innovative, energy-efficient light source solutions including tubelights, halogens, pre-generated light diodes, electrical apparatus, and equipment wiring supplies.

The Complaint makes the bare-bones assertion that Bulbrite is "liable for infringement of the '557 Patent pursuant to 35 U.S.C. § 271" without alleging specific facts of how the patent has been infringed or under which of the many subsections of the statute a claim lies. (Dkt. 1, ¶ 9). These bald and conclusory assertions leave Bulbrite unable to determine what actual claim of infringement is being alleged against their product and/or how their product infringes the '557 Patent.

Plaintiff also fails to plead facts necessary to support any claim for induced or contributory infringement. The Complaint does not even try to allege that Bulbrite ever knew of the patents-in-suit before this action, and it is void of any specific allegations that Bulbrite knew or intended to cause its customers to infringe the asserted patent, as is required for a claim of induced infringement. Nor does Plaintiff allege any facts showing or supporting a reasonable inference that the accused product lacks substantial non-infringing uses, as is required for a claim of contributory infringement.

Finally, the Court should take judicial notice that this case was filed on November 30, 2015, a record setting day for case filings by non-practicing patent entities, underscoring the harried nature of the Complaint, among other things. The Court is, of course, already aware that on the following day, December 1, 2015, significant changes in the Federal Rules of Civil Procedure for patent cases took effect which require plaintiffs to provide more information and specificity in complaints to survive a motion to dismiss by eliminating the more lenient "Form 18" in patent cases.

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

## II. ARGUMENT

### A. The Complaint Should Be Dismissed under Fed. R. Civ. P. 8(a)(2) and 12(b)(6) For Failure to Assert Facts Sufficient to State a Claim That is Plausible on Its Face

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). It is not sufficient for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In this case, the Complaint consists of exclusively bald and conclusory allegations. For example, it barely manages to recite the language of Claim 1 of the '557 Patent, let alone provide any details of how Bulbrite's product or other conduct reads on this claim. While Plaintiff is not required to provide its claim construction in the Complaint, it must do more than simply recite the language of an independent claim of the patent-in-suit in alleging patent infringement against a defendant. This is particularly so in this case where Plaintiff conclusory alleges, in the alternative, only that "Defendant is directly infringing, literally infringing, and/or infringing the '557 Patent under the doctrine of equivalents" in concluding that "Defendant is thus liable for infringement of the '557 Patent…." (Dkt. 1, ¶ 9). There is simply no explication of any specific facts to explain what specific

infringement is alleged.

**B.    Alternatively, This Court May Order Plaintiff to Provide Necessary Factual Specification to Its Allegations Under Fed. R. Civ. P. 12(e)**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

As noted above, the Complaint falls below the level of proper notice required of a pleading under Fed. R. Civ. P. 12(e). Consequently, at a minimum, Plaintiff should be ordered to amend the Complaint to add specific information as to how Defendant has allegedly infringed the '557 Patent.

**C.    The Complaint Fails to Meet the Requisite Pleading Requirements**

A patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10). In determining if a complaint alleging direct patent infringement is sufficiently pleaded, this Court[1] has applied the Federal Circuit standard set forth in *McZeal*, which, like Form 18, requires a plaintiff alleging direct infringement to provide the following:

(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent;" (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citing

---

[1] See, e.g., *Bender v. LG Elecs. U.S.A., Inc.* (N.D.Cal. Mar. 11, 2010 JF (PVT)) 2010 U.S. Dist. LEXIS 33075, at *18 (pursuant to Fed. R. Civ. P. 12(b)(6), a patent holder's first amended complaint was dismissed with leave to amend where he had alleged in a conclusory fashion the means by which the manufacturers were allegedly infringing his patent, but had not described, even briefly, what the patent at issue did) (" Bender must do more than allege conclusorily the means by which Defendants are infringing on his ' 188 Patent and provide fair notice to Defendants of the specific infringements alleged. Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing."); and see *Bender v. Motorola, Inc.* (N.D.Cal. Feb. 26, 2010, 2010 U.S. Dist. LEXIS 26076, at *6.) ("Nowhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product or line of products, that allegedly infringe the '188 Patent").

1   *McZeal*, 501 F.3d at 1357). Here, Plaintiff's single count of patent infringement fails to provide basic

2   information required to give Bulbrite proper notice of any specifics of the infringement that is alleged

3   and thus fails to state a claim and, as such, should be dismissed under Rule 12(b)(6).

4          In the Complaint, Plaintiff vaguely and conclusorily alleges that Bulbrite is "directly or

5   through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or

6   offering for sale LED Lightbulbs with epitaxial film..." which infringe the patent-in-suit "pursuant to

7   35 U.S.C. § 271." But Plaintiff fails to identify which of the numerous and substantially different

8   subsections of Section 271 have been violated. Is Plaintiff accusing Bulbrite of direct infringement

9   under § 271(a)? Or inducement of infringement under § 271(b)? Or contributory infringement under

10  § 271(c)? Or infringement under § 271(f) or (g)? The Complaint does not say, nor does it allege any

11  facts that could give Plaintiff proper notice of the type of alleged infringement.

12         The Supreme Court's mandate in *Iqbal* sets forth the standard that district courts must apply:

13  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14  the reasonable inference *that the defendant is liable for the misconduct alleged." Iqbal*, 129 S. Ct. at

15  1949-50 (citations omitted)(emphasis added). However, in the Complaint at bar, Plaintiff's vague

16  and conclusory assertions do not put Bulbrite on proper notice of what specific misconduct is

17  asserted.

18         The facts relevant to Plaintiff's patent claim and Bulbrite's potential defenses differ

19  significantly depending on which section(s) of the Patent Act Plaintiff is relying for its claim.

20         For example, to allege inducement of infringement under 35 U.S.C. § 271(b), the Complaint

21  fails to plead facts that give rise to a plausible inference that Bulbrite knew that any acts they

22  purportedly induced constituted patent infringement. See *MEMC Elec. Materials, Inc. v. Mitsubishi*

23  *Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005); *In re Bill of Lading Transmission &*

24  *Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Any claims of indirect or

25  contributory infringement require that defendant's conduct, inducing or contributing to another's

26  infringement, occur after the defendant knew: (1) of patent-in-suit; and (2) that the direct-infringers'

27  "acts constitute patent infringement." See *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060,

28  2068, 179 L. Ed. 2d 1167 (2011). Courts have held that knowledge of the patent-in-suit cannot be

1    properly alleged if the complaint itself is the first notice of it. See *Avocet Sports Tech., Inc. v. Garmin*

2    *Int'l., Inc.*, No. C 11-04049 JW, 2012 U.S. Dist. LEXIS 51650, at *15 (N.D. Cal. Mar. 22, 2012).

3    Plaintiff has not alleged that Bulbrite had knowledge of the '557 Patent prior to the filing of this suit.

4         Further, any claim of contributory infringement fails because the Complaint fails to "plead

5    facts that allow an inference that the components sold or offered for sale have no substantial non-

6    infringing uses." *Bill of Lading*, 681 F.3d at 1337. Although Plaintiff need not prove that the accused

7    product has "no substantial noninfringing uses" at the pleading stage, it *must allege some facts* that

8    take its statements to a plausible conclusion. *Id.*

9         In sum, among the other fatal deficiencies in the Complaint discussed above, Plaintiff has

10    failed to give notice to Bulbrite of which subsection of § 271 it is making a claim, and as a result

11    effectively provides Bulbrite with no real notice of what actual infringement is being alleged here.

12    Plaintiff has indulged in a "shot gun" approach to pleading that is simply not permitted under the law.

13   **III.**    **CONCLUSION**

14         For the foregoing reasons, Defendant Bulbrite respectfully requests that the Court dismiss the

15    Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; or in the

16    alternative, Bulbrite requests that the Court issue an order that Plaintiff must amend the Complaint to

17    provide the necessary factual definition of its allegations under Federal Rule of Civil Procedure 12(e).

18

19                              Respectfully submitted,

20   Dated: March 16, 2016           By:   <u>*/s/ Otto Lee*</u>

                                      Otto O. Lee, Esq.

21                                 Kevin Viau, Esq.

                                Bonnie J. Wolf, Esq.

22                                 INTELLECTUAL PROPERTY LAW GROUP LLP

23                                 12 South First Street, 12th Floor

                                San Jose, California 95113

24                                 *Attorneys for Defendant Bulbrite Industries, Inc.*

25

26

27

28

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

## CERTIFICATE OF SERVICE

I certify that on March 16, 2016, I electronically filed the foregoing DEFENDANT'S

NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS

AND AUTHORITIES IN SUPPORT THEREOF using the CM/ECF system, which will provide

notice by email to the following parties:

STEVEN T. LOWE, ESQ.
(E-mail: steven@lowelaw.com)
KRIS LEFAN, ESQ.
(E-mail: kris@lowelaw.com)
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

HAO NI (PHV)
(E-mail: hni@nilawfirm.com)
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff, Bluestone Innovations LLC*

By: /s/ *Otto Lee*
    Otto Lee