UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BLUESTONE INNOVATIONS LLC,

    Plaintiff,

    v.

BULBRITE INDUSTRIES, INC.,

    Defendant.

Case No. 15-cv-5478-PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant Bulbrite Industries, Inc. ("Bulbrite") to dismiss the complaint in the above-entitled action. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

## BACKGROUND

This is one of 13 cases filed by plaintiff Bluestone Innovations LLC ("Bluestone") alleging infringement of U.S. Patent No. 6,163,557 ('557 Patent), which is directed at the fabrication of Group III-V nitride semiconductor films for use in visible LED optoelectronic devices. The patent was issued December 19, 2000, and at the time it was assigned to Xerox Corporation. In the complaint, Bluestone alleges that it is "the owner by assignment" of the '557 patent. The complaint asserts a single cause of action against Bulbrite for patent infringement.

Bluestone asserts that Bulbrite has infringed "at least" Claim 1 of the '557 patent by,

    among other things, directly or through intermediaries, making, using,

> importing, providing, supplying, distributing, selling, and/or offering for sale LED Lightbulbs with epitaxial film (including, without limitation, at least the Bulbrite LED11A19 Dimmable Warm Light Bulb) which include; a substrate including at least one upstanding mesa, each mesa having a top surface; and a group III-V nitride epitaxial film on the top surface of at least one mesa; wherein the at least one mesa including surfaces oriented along crack planes of the epitaxial film, covered by one or more claims of the '557 Patent to the injury of [p]laintiff.

Cplt ¶ 9. Bluestone also asserts that Bulbrite is "directly infringing, literally infringing, and/or infringing the '557 Patent under the doctrine of equivalents" and that Bulbrite is "thus liable for infringement of the '557 Patent pursuant to 35 U.S.C. § 271." Cplt ¶ 9. Bluestone seeks compensatory damages and injunctive relief.

Bulbrite now seeks an order dismissing the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, an order requiring Bluestone to file a more definite statement.

## DISCUSSION

A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). While the court is to accept as true all the factual allegations in the complaint,

1  legally conclusory statements, not supported by actual factual allegations, need not be
2  accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also In re Gilead Scis.
3  Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).
4        The allegations in the complaint "must be enough to raise a right to relief above
5  the speculative level[,]" and a motion to dismiss should be granted if the complaint does
6  not proffer enough facts to state a claim for relief that is plausible on its face. Bell Atlantic
7  Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).
8  A claim has facial plausibility when the plaintiff pleads factual content that allows the
9  court to draw the reasonable inference that the defendant is liable for the misconduct
10 alleged." Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not
11 permit the court to infer more than the mere possibility of misconduct, the complaint has
12 alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.
13 Where dismissal is warranted, it is generally without prejudice, unless it is clear the
14 complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013
15 (9th Cir. 2005).
16 B.    Bulbrite's Motion
17       Bulbrite argues that the allegations in the complaint are inadequate to put it on
18 notice as to the nature of the alleged infringement.  Bulbrite asserts that the complaint
19 should be dismissed because the allegations are insufficient under Twombly/Iqbal, or in
20 the alternative, that Bluestone should be required to provide a more definite statement
21 pursuant to Federal Rule of Civil Procedure 12(e).
22       Bulbrite asserts that the complaint pleads no facts sufficient to show whether or
23 how Bulbrite has engaged in "directly infringing, literally infringing, and/or infringing under
24 the doctrine of equivalents."  Bulbrite asserts that the complaint makes a "bare-bones
25 assertion" that Bulbrite is liable for infringement, but pleads no specific facts showing
26 "how the patent has been infringed or under which of the many subsections of a statute
27 the claim lies" (referring to Cplt ¶ 9).  Bulbrite also contends that there are no facts pled
28 that are sufficient to state a claim for induced or contributory infringement, apart from the

conclusory assertion that Bulbrite acted "directly or through intermediaries."

In opposition, Bluestone asserts that until the abrogation of the forms attached as an appendix to Rule 84 effective December 1, 2015, the allegations in the complaint properly complied with Form 18, and, Bluestone asserts, the Federal Circuit has confirmed that the bare-bones allegations in Form 18 are all that are required to state a claim for patent infringement.

In In re Bill of Lading Transmission & Processing Sys. Patent Lit., 681 F.3d 1323, 1334-35 (Fed. Cir. 2012), the Federal Circuit held that Form 18 is sufficient to state a claim for patent infringement, and that to the extent that there is a conflict between Twombly and the Forms with regard to pleading requirements, "the Forms control"); and that Form 18 and the Federal Rules of Civil Procedure "do not require a plaintiff to plead facts establishing that each element of an asserted claim is met . . . Indeed, a plaintiff need not even identify which claims it asserts are being infringed."

Former Form 18 (applicable at the time the complaint in the present action was filed) required "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent 'by making, selling, and using [the device] embodying' the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007), Bluestone argues that the complaint includes all the allegations required by Form 18 (citing Cplt ¶¶ 3, 5, 6, 9, 10, 11).

Bluestone asserts that the complaint also meets the requirements of Rule 8 and Twombly/Iqbal, as it provides a brief description of what the patent does, and an allegation that certain specifically identified products also do what the patent does (citing Bender v. L.G. Elecs. U.S.A. Inc., 2010 WL 889421 at *3-4 (N.D. Cal. March 11, 2010) (setting forth description of factual allegations that are sufficient to state "a plausible claim for relief" in patent infringement claim).

Bluestone contends that the complaint clearly accuses Bulbrite of direct

4

1   infringement, as it alleges that Bulbrite has "directly" infringed the patent, and is thus
2   "liable for infringement of the '557 Patent pursuant to 35 U.S.C. § 271."  Bluestone
3   argues that the use of the word "directly" in the complaint makes it clear that Bulbrite is
4   being accused of direct infringement.
5       In reply, Bulbrite argues that the complaint should be dismissed because it fails to
6   plead enough facts to state a claim that is plausible on its face.  For example, Bulbrite
7   contends that the complaint recites language from Claim 1 of the '557 patent, but alleges
8   no facts showing how Bulbrite's product or conduct relates to Claim 1 (asserting that the
9   allegations are "conclusory"); that the complaint simply announces infringement, but
10  includes no supporting facts, which results in a claim that is not "plausible" in Bulbrite's
11  view; that apart from the above, the complaint does not meet all the requirements of
12  Form 18, because it does not include "a statement that the plaintiff has given the
13  defendant notice of its infringement" as specified by McZeal; and most importantly, that
14  the complaint does not clearly identify plaintiff's theory of infringement – that is, is it only
15  direct infringement, or does it also include induced or contributory infringement.
16      The motion is GRANTED.  At the time that Bluestone filed the complaint, Form 18
17  was still operative and controlling.  With regard to the allegations of direct infringement,
18  the complaint includes all the allegations required by Form 18, with the possible
19  exception of the "giving notice" requirement.  Bluestone contends that it gave notice by
20  alleging in the complaint that Bulbrite had infringed its patent.  However, if giving notice
21  by filing the complaint were adequate, the inclusion of that requirement in a list of what is
22  necessary to state a claim in the complaint would be nonsensical.
23      If, on the other hand, what is meant is that the complaint must "give notice" of what
24  products or combinations of products are accused of infringement, then the court finds
25  that the allegations are sufficient, as they clearly provide Bulbrite with notice that
26  Bluestone is asserting that Bulbrite has been making and offering for sale "LED lightbulbs
27  with epitaxial film (including . . . at least the G7 power Sutcliffe 10W A19 Light Bulb)
28  which include the elements claimed in Claim 1 of the '557 patent.

However, Form 18 applies only to claims for direct infringement. See In re Bill of Lading, 681 F.3d at 1336. While the complaint in this case does allege direct infringement, at least in the disjunctive, it also includes language that could be interpreted as an assertion of induced infringement or contributory infringement ("or [infringement] through intermediaries; reference to "supplying," "providing," or "distributing" the accused products). In addition, while Bluestone argues in its opposition that the complaint alleges a violation of 35 U.S.C. § 271(a) (direct infringement), the complaint in fact alleges a violation of § 271 without specifying any subparts. It is true that § 271(a) uses the words "makes, uses, offers to sell, or sells" and "imports," but Bluestone has also added "supplying" from subsection (f) and "providing" and "distributing" which appear nowhere in § 271.

Bluestone needs to specify whether this is a claim solely for direct infringement, and if so, should use only the statutory terms, or it should clarify whether it also intends a claim for indirect or contributory infringement. If it does intend to assert a claim for indirect and/or contributory infringement, it must support each such claim with additional factual allegations beyond those required by Form 18, sufficient to state a claim in accordance with Twombly/Iqbal. See Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions LLC, 2012 WL 2803617 at *4 (N.D. Cal. July 10, 2012).

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS defendant's motion. The dismissal is WITH LEAVE TO AMEND. Any amended complaint shall be filed no later than May 6, 2016.

The hearing on the motion, previously set for April 20, 2016, is VACATED.

**IT IS SO ORDERED.**

Dated: April 15, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge